DILL v. TAYLOR.

No. 14704.

Court of Civil Appeals of Texas. Dallas.

July 24, 1953.

———◆———

Donald H. Russell, Dallas, for appellant.

Hopkins & Hopkins, Denton, for appellee.

CRAMER, Justice.

This is an appeal by Thomas M. Dill from an order sustaining a plea of privilege of Henry B. Taylor to be sued in Denton County, the county of his residence, and controverted by Dill under section 4, Art. 1995, V.A.C.S. The main suit was brought by Dill against Taylor and James A. Butters for some $4,383 damage growing out of an automobile collision on Highway

114 in Denton County when Taylor's son, driving west in a truck on a family mission, turned from his side of the road to his left south across the road in front of Dill's automobile which was proceeding east at about 50 miles per hour. The two cars collided on the south half of the highway. Butters, just before the collision, was following closely behind Dill's automobile at about the same speed and after the Dill and Taylor automobiles collided, his automobile struck the right rear of Dill's automobile.

On the hearing· on Taylor's plea of privilege to be sued in Denton County, Dill was the sole witness to testify. His evidence material here was in substance that he, Dill, resided in Dallas County, that Butters lived in Dallas County, and Taylor lived in Denton County; that on the occasion in question he was returning home traveling east on Highway 114 in Denton County; that North West School .was at the brow of a hill and that on his right (south) side of the road he noticed a car following about 15 or 20 feet back of his car, and presumed that when Butters saw his way clear he was going to pass. Also that as he approached the school he slowed down and when he reached a point near where the road to the school turned in, the Taylor truck turned to the left and across. his (Dill's) path and he (Dill) veered to his left and struck the truck past the center of its right side. Almost immediately thereafter Butters' car struck his (Dill's) car on the right rear, and in the collision Dill was thrown from his car onto the side of the road. In a very short time an ambulance arrived and carried him to a hospital in Denton. He talked to Butters the following Saturday who told him he witnessed the entire accident. Dill's automobile was completely demolished.

On cross-examination the substance of his testimony was, when he first saw Butters they were about a mile back from the accident; that he watched him through his rear view mirror until just before the accident.

When Dill's car struck the Taylor truck the impact swung Dill's car to the left and "at the time he hit me I was across the highway with my right side toward * *" Butters. The damage to the front of the car was caused by the impact with the Taylor car and the rest was caused by Butters striking him. The record shows Dill has not since the accident called on Butters to pay him any damage, other than in the allegations in his petition herein.

On such evidence the trial court sustained Taylor's plea of privilege and this appeal has been duly perfected by Dill from such order.

Appellant Dill briefs but one point, in substance error in sustaining Taylor's plea of privilege; the uncontroverted testimony establishing (1) residence of Butters in Dallas County; (2) a prima facie cause of action against Butters and his petition showing that Henry B. Taylor was properly joined as a party, thus establishing venue under subd. 4, Art. 1995, V.A.C.S., in Dallas County.

Appellee counters that Dill did not (1) establish a bona fide cause of action against Butters; (2) that grew out of the same transaction and/or was so intimately connected with the cause of action alleged against Taylor as to justify such joinder, but proved separate and distinct causes of action, if any, against Butters and Taylor; and (3) did not prove a cause of action against Butters.

Under the view we take of the evidence, fact issues on negligence on the part of Butters proximately causing his damage, and a joint cause of action against Taylor, were raised for the trier of the facts.

The physical facts are such that different minds could reach different results. Dill and Butters were proceeding east, Dill in the lead. Butters was within 15 or 20 feet of the Dill car. On the south side of the road, clearly within Butters' view, was a school with side road leading off from the main road to such school grounds. Just before the collision the truck turned into the school road. After Dill hit the right side of the truck toward the rear thereof, Butters hit the Dill car on its right rear corner or side. Such circumstances considered with Dill's testimony as a whole raised issuable fact questions as to Butters' negli-

240

gence (and proximate cause) for the trial judge; also the question of a joint cause of action against Butters and Taylor. The trial court having resolved such disputed fact issues against Dill, his point 1 must be overruled and the trial court's judgment

Affirmed.